**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., and NORTON (WATERFORD) LTD., | : : : : | Civil Action No. _____ |
| Plaintiffs, | : : |  |
| v. | : : |  |
| CIPLA LTD., | : : |  |
| Defendant. | : : |  |

## COMPLAINT

Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. ("Teva") and Norton (Waterford) Ltd. ("Norton") (collectively, "Plaintiffs"), by their attorneys, for their Complaint, allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., which arises out of the submission by Cipla Ltd. ("Cipla") of Abbreviated New Drug Application No. 211434 ("Cipla's ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of Plaintiffs' Qvar® (beclomethasone dipropionate) products prior to the expiration of U.S. Patent No. 10,695,512 (the "'512 patent").

## PARTIES

### Teva

2. Plaintiff Teva is a company organized under the laws of the State of Delaware with its principal place of business at 145 Brandywine Parkway, West Chester, Pennsylvania 19380. In addition, Teva has a place of business at 400 Interpace Parkway #3,

Parsippany, New Jersey 07054.

3.    Plaintiff Norton is a private limited company organized under the laws of the Republic of Ireland and having its registered office at Unit 301, IDA Industrial Park, Waterford X91 WK68, Republic of Ireland.  Norton trades, i.e., does business, as Ivax Pharmaceuticals Ireland and as Teva Pharmaceuticals Ireland.

**Cipla**

4.    On information and belief, Defendant Cipla is a company organized and existing under the laws of the Republic of India with its principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai 400 013, Maharashtra, Republic of India.  On information and belief, Cipla is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs.

5.    On information and belief, Cipla knows and intends that upon approval of Cipla's ANDA, Cipla will manufacture and directly or indirectly market, sell, and distribute Cipla's 0.04 MG/INH and 0.08 MG/INH Beclomethasone Dipropionate Metered Aerosol Inhalation Products ("Cipla's ANDA Products") throughout the United States, including in New Jersey.

**JURISDICTION AND VENUE**

6.    Plaintiffs incorporate each of the preceding paragraphs 1–5 as if fully set forth herein.

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Cipla.

9. This Court has personal jurisdiction over Cipla because, among other things, Cipla has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here. On information and belief, Cipla develops, manufactures, imports, markets, offers to sell, sells, and/or imports generic drugs throughout the United States, including in New Jersey, and therefore transacts business within New Jersey, and/or has engaged in systematic and continuous business contacts within New Jersey.

10. In addition, this Court has personal jurisdiction over Cipla because, among other things, on information and belief: (1) Cipla filed Cipla's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products in the United States, including in New Jersey; and (2) upon approval of Cipla's ANDA, Cipla will market, distribute, offer for sale, sell, and/or import Cipla's ANDA Products in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Cipla's ANDA Products in New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of Cipla's ANDA, Cipla's ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

11. In addition, this Court has personal jurisdiction over Cipla because Cipla regularly (1) engages in patent litigation concerning Cipla's ANDA Products in this District, (2)

does not contest personal jurisdiction in this District, and (3) purposefully avails itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this District. *See, e.g.*, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, Civil Action No. 20-10172 (MCA)(MAH) (D.N.J.); *Celgene Corp. v. Cipla Ltd.*, Civil Action No. 19-14731 (SDW)(LDW) (D.N.J.); *Cubist Pharm. LLC v. Cipla USA, Inc. & Cipla Ltd.*, Civil Action No. 19-12920 (BRM)(ZNQ) (D.N.J.); *Celgene Corp. v. Cipla Ltd.,* Civil Action No. 18-8964 (SDW)(LDW) (D.N.J.); *Celgene Corp. v. Cipla Ltd.*, Civil Action No. 18-11262 (SDW)(LDW) (D.N.J.); *Valeant Pharm. North Am. LLC v. Cipla Ltd.*, Civil Action No. 18-14225 (PGS)(LHG) (D.N.J.); *AstraZeneca AB v. Cipla Ltd.*, Civil Action No. 16-9583 (RMB)(JS) (D.N.J.).

12.    For the above reasons, it would not be unfair or unreasonable for Cipla to litigate this action in this District, and the Court has personal jurisdiction over it here.

## VENUE

13.    Plaintiffs incorporate each of the proceeding paragraphs 1–12 as if fully set forth herein.

14.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) with respect to Cipla, at least because, on information and belief, Cipla is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

## BACKGROUND

15.    Teva is the holder of New Drug Application ("NDA") No. 20911 for Qvar® 40 mcg and Qvar® 80 mcg (beclomethasone dipropionate HFA 40 mcg and 80 mcg) Inhalation Aerosol.  Teva's Qvar® inhalers are approved by FDA for maintenance treatment of asthma as prophylactic therapy in patients 5 years of age and older.

**The '512 Patent**

16.    The '512 patent, entitled "Dose Counters for Inhaler Having an Anti-Reverse Rotation Actuator" (Exhibit A), duly and legally issued on June 30, 2020.

17.    Norton is the owner and assignee of the '512 patent.

18.    The '512 patent is listed in connection with Qvar® in the Orange Book.

19.    Claim 1 of the '512 patent claims:

An inhaler for inhaling medicament, the inhaler having:

A body for retaining a medicament canister; and

a dose counter, the dose counter having a moveable actuator and a chassis mounted on the body;

wherein one of the body and the chassis includes a plurality of apertures for receiving one or more pins on the other of the body and the chassis,

wherein either the pins or the apertures on the chassis are positioned on different sides of the chassis for stabilizing the chassis on the body, and

wherein the chassis comprises at least one of a pin or aperture heat staked to a respective aperture or pin of the body to mount the chassis to the body.

**INFRINGEMENT BY CIPLA**

20.    By letter dated June 24, 2020 ("Cipla's First Notice Letter"), Cipla notified Teva that it had filed a Paragraph IV Certification with respect to U.S. Patent Nos. 9,463,289 (the "'289 patent"), 9,808,587 (the "'587 patent"), 10,022,509 (the "'509 patent"), 10,022,510 (the "'510 patent"), 10,086,156 (the "'156 patent"), and 10,561,808 (the "'808 patent") and was seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products prior to the expiration of those patents.   On information and belief, Cipla's ANDA contains a Paragraph IV Certification asserting that those

patents will not be infringed by the manufacture, use, offer for sale, sale, or importation of Cipla's ANDA Products, or alternatively, that those patents are invalid.

21. Cipla's First Notice Letter purported to provide Teva with an Offer of Confidential Access ("Cipla's First OCA") to portions of Cipla's ANDA. That offer, however, was subject to various unreasonably restrictive conditions.

22. By correspondence and phone, Teva's counsel and Cipla's counsel discussed the terms of Cipla's First OCA.

23. On July 2, 2020, Teva's counsel sent Cipla's counsel a letter identifying various unreasonably restrictive terms in Cipla's First OCA, including but not limited to restrictions on the conduct of Teva's outside counsel in future post-grant and FDA proceedings, prohibitions on providing information to outside consultants, choice of law, and limitations on the scope of documents Cipla would provide to Teva.

24. On July 9, 2020, Cipla's counsel sent Teva's counsel a revised OCA. That offer addressed some of Teva's concerns but remained unreasonably restrictive, including with respect to prohibitions on the future conduct of Teva's outside counsel, disclosure of Cipla's information to Teva's outside consultants, among other concerns. Cipla refused to provide the documents and materials requested by Teva and necessary to evaluate Cipla's ANDA Products for infringement.

25. On July 16, 2020, Teva's counsel sent Cipla's counsel a second letter, reiterating Teva's concerns regarding the restrictions in Cipla's First OCA, as well as the need for specific materials to evaluate infringement.

26. In response to Teva's letter, counsel for both parties met and conferred by phone on July 22, 2020, during which the parties discussed the terms of Cipla's First OCA. Cipla's counsel emailed Teva's counsel later that day purporting to recount a portion of the discussion.

27. On July 27, 2020, Teva's counsel responded by email, explaining that Cipla's First OCA remained inadequate due to unresolved concerns articulated in Teva's July 2, 2020 and July 16, 2020 letters, as well as Cipla's refusal to provide the materials necessary to evaluate its ANDA products for infringement and requested by Teva. Teva's counsel also expressed concern that Cipla would not be able to provide necessary product samples in a timely fashion, and requested a date certain by which such samples could be made available. Noting its belief that the parties had reached an impasse in their negotiations, Teva's counsel invited Cipla to continue discussions if Cipla was willing to reconsider its position.

28. Teva's counsel did not receive a response to its July 27, 2020 email.

29. On August 7, 2020, Teva filed suit against Cipla in this District for infringement of the '289, '587, '509, '510, '156, and '808 patents. *See Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, Civil Action No. 20-10172 (MCA)(MAH) (D.N.J. Aug. 7, 2020), Dkt. No. 1.

30. By letter dated September 8, 2020 ("Cipla's Second Notice Letter"), Cipla notified Teva that it had filed a Paragraph IV Certification with respect to the '512 patent and was seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products prior to the expiration of the '512 patent. On information and belief, Cipla's ANDA contains a Paragraph IV Certification asserting that the '512 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of Cipla's ANDA Products, or alternatively, that the '512 patent invalid.

31.     The purpose of Cipla's submission of Cipla's ANDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products prior to the expiration of the '512 patent.

32.     In Cipla's Second Notice Letter, Cipla stated that the subject of Cipla's ANDA is "Beclomethasone Dipropionate Metered Aerosol Inhalation, 0.04 MG/INH and 0.08 MH/IMH, which contains beclomethasone dipropionate equivalent to 40 mcg and 80 mcg beclomethasone base respectively."

33.     In Cipla's Second Notice Letter, Cipla stated that the active ingredient of Cipla's ANDA Products is beclomethasone dipropionate.

34.     In Cipla's Second Notice Letter, Cipla stated that the proposed dosage strengths of Cipla's ANDA Products are equivalent to 40 mcg and 80 mcg beclomethasone base.

35.     In Cipla's Second Notice Letter, Cipla stated that the dosage form of Cipla's ANDA Products is a "metered aerosol inhalation for oral use."

36.     Cipla's Second Notice Letter appends a document titled "Detailed Statement" asserting that the commercial manufacture, use, or sale of Cipla's ANDA Products will not infringe the '512 patent.  However, Cipla's Notice Letter and "Detailed Statement" do not provide information regarding Cipla's ANDA Products sufficient to evaluate Cipla's assertions of non-infringement.  Indeed, Cipla's Notice Letter and "Detailed Statement" fail to provide any information regarding Cipla's ANDA Products beyond the unsupported and unexplained assertions by Cipla's attorneys that Cipla's ANDA Products do not meet certain limitations of the '512 patent.

37.     Cipla's Second Notice Letter purports to provide Teva with an Offer of

Confidential Access ("Cipla's Second OCA") to portions of Cipla's ANDA. That offer, however, is subject to the same unreasonably restrictive conditions as Cipla's First OCA, including with respect to prohibitions on the future conduct of Teva's outside counsel, disclosure of Cipla's information to Teva's outside consultants. Cipla's Second OCA further fails to provide documents and materials necessary to evaluate Cipla's ANDA Products for infringement, including documents and materials requested by Teva in connection with Cipla's First OCA.

38.     This action is being commenced before the expiration of forty-five days from the date of the receipt of Cipla's Second Notice Letter.

## COUNT I – INFRINGEMENT BY CIPLA
## OF THE '512 PATENT UNDER 35 U.S.C. § 271(e)(2)

39.     Plaintiffs incorporate each of the preceding paragraphs 1–38 as if fully set forth herein.

40.     Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products prior to the expiration of the '512 patent was an act of infringement of the '512 patent under 35 U.S.C. § 271(e)(2)(A).

41.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products would infringe at least claim 1 of the '512 patent, recited above, either literally or under the doctrine of equivalents.

42.     On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products immediately and imminently upon FDA approval of Cipla's ANDA.

43. On information and belief, the use of Cipla's ANDA Products in accordance with and as directed by Cipla's proposed labeling for those products would infringe at least claim 1 of the '512 patent, recited above.

44. On information and belief, Cipla plans and intends to, and will, actively induce infringement of the '512 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so after approval.

45. On information and belief, Cipla knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '512 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of the '512 patent after approval of Cipla's ANDA.

46. The foregoing actions by Cipla constitute and/or will constitute infringement of the '512 patent, active inducement of infringement of the '512 patent, and contribution to the infringement by others of the '512 patent.

47. On information and belief, Cipla has acted with full knowledge of the '512 patent and without a reasonable basis for believing that it would not be liable for infringing the '512 patent, actively inducing infringement of the '512 patent, and contributing to the infringement by others of the '512 patent.

48. Unless Cipla is enjoined from infringing the '512 patent, actively inducing infringement of the '512 patent, and contributing to the infringement by others of the '512 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT
## BY CIPLA OF THE '512 PATENT

49. Plaintiffs incorporate each of the preceding paragraphs 1–48 as if fully set forth herein.

50. Cipla has knowledge of the '512 patent.

51. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products would infringe at least claim 1 of the '512 patent, recited above, either literally or under the doctrine of equivalents.

52. On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products with their proposed labeling upon FDA approval of Cipla's ANDA.

53. On information and belief, the use of Cipla's ANDA Products in accordance with and as directed by Cipla's proposed labeling for those products would infringe at least claim 1 of the '512 patent, recited above.

54. On information and belief, Cipla plans and intends to, and will, actively induce infringement of the '512 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so after approval.

55. On information and belief, Cipla knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '512 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of the '512 patent after approval of Cipla's ANDA.

56. The foregoing actions by Cipla constitute and/or will constitute infringement of the '512 patent, active inducement of infringement of the '512 patent, and contribution to the infringement by others of the '512 patent.

57. On information and belief, Cipla has acted without a reasonable basis for believing that it would not be liable for infringing the '512 patent, actively inducing infringement of the '512 patent, and contributing to the infringement by others of the '512 patent.

58. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Cipla regarding whether Cipla's manufacture, use, sale, offer for sale, or importation into the United States of Cipla's ANDA Products with their proposed labeling according to Cipla's ANDA will infringe at least claim 1 of the '512 patent, recited above, and whether those claims of the '512 patent are valid.

59. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Cipla's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '512 patent and that the claims of the '512 patent are valid.

60. Cipla should be enjoined from infringing the '512 patent, actively inducing infringement of the '512 patent, and contributing to the infringement by others of the '512 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Cipla has infringed, will infringe, and will induce and contribute to infringement of the '512 patent

(b) A judgment that the '512 patent is valid and enforceable;

12

(c)     A judgment pursuant to, among other things, 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Cipla to make, use, offer for sale, sell, market, distribute, or import Cipla's ANDA Products, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '512 patent, shall not be earlier than the latest expiration date of the '512 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A preliminary and permanent injunction pursuant to, among other things, 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining Cipla, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Cipla's ANDA Products, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '512 patent, or the inducement of or the contribution to any of the foregoing, prior to the latest expiration date of the '512 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)     A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Cipla's ANDA Products, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '512 patent, prior to the latest expiration date of the '512 patent, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '512 patent;

(f)     An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Cipla engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Cipla's ANDA Products, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '512 patent, or the inducement of or the contribution to any of the foregoing, prior to the latest expiration date of the '512 patent, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(g)     A declaration that this case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h)     An award of Plaintiffs' costs and expenses in this action; and

(i)     Such further and other relief as this Court may deem just and proper.

Dated: October 23, 2020

WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
OF COUNSEL:
David I. Berl
Elise M. Baumgarten
Kathryn S. Kayali
Ben Picozzi
Ricardo Leyva
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

William T. Walsh, Jr.
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Plaintiffs Teva Branded
Pharmaceutical Products R&D, Inc. and
Norton (Waterford) Ltd.*

15

**Local Rule 11.2 Certification**

We hereby certify that, to the best of our knowledge, the matter in controversy is related to the following actions:

- *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, Civil Action No. 20-10172 (MCA)(MAH).

- *Teva Branded Pharm. Prods. R&D Inc. v. Aurobindo Ltd.*, Civil Action No. 20-14833 (MCA)(MAH).

Dated: October 23, 2020

WALSH PIZZI O'REILLY FALANGA LLP

 *s/Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:
David I. Berl
Elise M. Baumgarten
Kathryn S. Kayali
Ben Picozzi
Ricardo Leyva
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Norton (Waterford) Ltd.*

16

**<u>Local Rule 201.1 Certification</u>**

We hereby certify that the above captioned matter is not subject to compulsory arbitration in that Plaintiffs seek, *inter alia*, injunctive relief.


Dated: October 23, 2020

WALSH PIZZI O'REILLY FALANGA LLP


*s/Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:
David I. Berl
Elise M. Baumgarten
Kathryn S. Kayali
Ben Picozzi
Ricardo Leyva
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000


*Attorneys for Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Norton (Waterford) Ltd.*

17